J. JONES, Justice,
specially concurring.
I concur in the Court’s opinion but think it appropriate to briefly comment on several aspects of this case. First, although the Court appropriately found it unnecessary to address the issue of its inherent power, I believe that the provisions contained in the Guidelines, with the possible exception of the provisions that appear to make the bail agent a surety, are within the inherent powers of this Court. The problem here is that the judicial power is vested by the Constitution in the judiciary under “supervision by the Supreme Court.” Idaho Const. Art. V, § 2. In a subject area that demands a fair amount of uniformity on a statewide basis and where there is. interaction with a somewhat comprehensive legislative scheme, particularly provisions enacted in 2003 and amended in 2010 in Idaho Code §§ 41-1036 through 1045, it is incumbent on the Supreme Court to provide that supervision. The Court has been remiss in this regard because the order issued by the Court on August 4, 2005, giving the administrative judge in each judicial district the power to “establish guidelines for bail bonds with regard to posting, forfeiture, exoneration, and other matters,” was rather open-ended. The Legislature has recognized the Court’s inherent power and understood that it would likely promulgate rules and uniform guidelines in the bail arena. Indeed, the Legislature provided “the supreme court shall retain[4] its inherent authority to regulate the transaction of bail with the court, including promulgating rules and uniform guidelines.” § 41-1037(3). The Court should have provided more guidance to the administrative judges and also provided for review of bail bond provisions proposed for adoption. However, that remains to be addressed in the future. At the present time, the Court has made the determination that the Guidelines exceed the grant of authority envisioned in the August 5, 2005 order.
Justice HORTON concurs.

. It might be observed that there was no need to say the Court shall "retain” its inherent authority, because only a constitutional amendment could deprive the Court of such authority.